IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC LYONS, | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-07-2278 |
| vs. | : |
| | : (JUDGE VANASKIE) |
| JEFFREY BEARD, ET AL., | : |
| Defendants | : |

MEMORANDUM

March 9, 2009

Background

    This *pro se* civil rights action pursuant to 42 U.S.C. § 1983 was filed by Eric Lyons, an inmate presently confined at the Fayette State Correctional Institution, LaBelle, Pennsylvania ("SCI-Fayette"). Named as Defendants are Secretary Jeffrey Beard and Chief Grievance Officer Sharon Burks of the Pennsylvania Department of Corrections ("DOC"). Lyons is also proceeding against three (3) officials at his prior place of confinement, the State Correctional Institution, Camp Hill, Pennsylvania ("SCI-Camp Hill"): Superintendent Donald Kelchner; Unit Manager Richard Southers; and Property Officer Andy Huber. See Dkt. Entry # 1, ¶ III.

    Lyons states that he was transferred from SCI-Fayette to the Special Management Unit ("SMU") at SCI-Camp Hill on April 5, 2006. One week after his arrival, Lyons was escorted to the SCI-Camp Hill Property Room. Plaintiff was then allegedly instructed by Property Officer

Huber as to "which items I may select to take in my cell in one record center box." Id. at ¶ IV (4).

While packing his box, Plaintiff observed that multiple items of his personal property were missing. Upon asking Property Officer Huber about this missing property, Lyons was given two (2) confiscation receipt slips which detailed that certain legal, business, and other personal property items had been confiscated and were either being destroyed or shipped to an outside address. According to the Complaint, this missing property included legal items such as books, transcripts, memoranda, and videotapes. See id. at (6). Plaintiff alleges that the confiscation and institutional limitations placed on his access to personal legal materials while at SCI-Camp Hill violated his constitutional right of access to the courts in that his inability to employ those materials caused him to lose a *pro se* criminal appeal before the Pennsylvania Superior Court on February 12, 2007. The purported confiscation and one (1) box limitation on his personal legal material also allegedly hindered Lyons' ability to prosecute a *pro se* habeas corpus action in federal court.

After his meeting with Huber, Lyons initiated an administrative grievance regarding the taking of his personal property. His grievance was assigned to Unit Manager Souther, who subsequently concluded that Plaintiff's personal property was properly confiscated because it consisted of either contraband or excess materials. In denying relief, Souther noted that, in addition to the one box of materials in his cell, Plaintiff had "6 boxes in storage: 4 regularly

stored boxes, 2 exempted extra legal boxes." Id. at 10.[1]

Subsequent administrative appeals by Plaintiff to Superintendent Kelchner and Chief Grievance Officer Burks were also unsuccessful. Lyons contends that Kelchner and Burks violated due process in their handling of his grievance. Plaintiff seeks injunctive and declaratory relief as well as compensatory, punitive and nominal damages.

Presently pending is Defendants' motion to dismiss. The motion (Dkt. Entry # 20) has been fully briefed and is ripe for consideration.

Discussion

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to

---

[1] Plaintiff notes that upon being transferred back to SCI-Fayette on February 22, 2007, only five (5) boxes of his personal property were forwarded.

relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, __, 127 S.Ct. 1955, 1965 (2007)(requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").

This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 1969. As such, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action).

Additionally, *pro se* pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a

complaint which sets forth facts affirmatively demonstrating that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

Loss of Personal Property

In their initial argument for dismissal, Defendants assert that Plaintiff's claim that his personal property was taken without due process is meritless because he had available adequate post deprivation remedies via the DOC's internal grievance procedure. See Dkt. Entry # 21, p. 4. Relying on Zinermon v. Burch, 494 U.S. 113, 127-30 (1990), Plaintiff counters that his claim is not barred because Property Officer Huber violated correctional policy by destroying his property before he could complete the administrative grievance procedure. See Dkt. Entry # 27, p. 10.

The Fourteenth Amendment prohibits the states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "In some cases takings of property require pre-deprivation notice and a hearing." Tillman v. Lebanon County, 221 F.3d 410, 421 (3d Cir. 2000) . If meaningful pre-deprivation due process is impractical, due process is satisfied "by a meaningful post-deprivation remedy." Id.

"A prisoner's due process claim based on a state actor's unauthorized deprivation of property is not actionable under § 1983 unless no adequate post-deprivation remedy is available." Mattis v. Dohman, 260 Fed. Appx. 458, 461 (3d Cir. 2008)(citing Hudson v.

Palmer, 468 U.S. 517, 533 (1984)).[2]  The Supreme Court in Zinermon addressed a case involving a patient's challenge to his admission to a state mental hospital.  In Zinermon, the Court noted that such a circumstances differed from the loss of inmate property at issue in Hudson, explaining that pre-deprivation process was impractical in cases regarding negligent or intentional loss of prisoner property.  See Zinermon, 494 U.S. at 136-37.  Accordingly, Plaintiff's reliance on Zinermon is misplaced.

The DOC "has established an internal grievance procedure through which the state hears claims, and when appropriate, provides remedies; [Lyons] was provided with a meaningful post-deprivation remedy regarding the loss of his property in the form of this grievance system."  Mattis, 260 Fed. Appx. at 461; Tillman, 221 F.3d at 421-22.  Lyons also has Pennsylvania state court remedies by which he can obtain relief for his alleged loss of property.  It is also noted that Defendant Huber's alleged premature destruction of the confiscated property did not render Plaintiff's post-deprivation remedies ineffective.  Accordingly, Plaintiff has failed to state a Due Process claim resulting from Defendants' alleged confiscation of his personal property.

Administrative Exhaustion

As detailed above, Lyons asserts that the confiscation of his legal property coupled with

---

[2] Hudson established that regardless of whether the deprivation of property was the result of intentional or negligent conduct, a plaintiff may not obtain relief under § 1983 if he or she has adequate post-deprivation remedies available under state law.

Case 3:07-cv-02278-CCC   Document 34   Filed 03/09/09   Page 7 of 13

an institutional limitation on the amount of personal material he could retain in his SMU cell resulted in a violation of his constitutional right of access to the courts.[3] Defendants contend that "Plaintiff did not challenge in any grievance the legality of the Department of Corrections' policy limiting Security Level 5 Housing Unit inmates to one standard size records center box of personal property in their cells." Dkt. Entry # 21, p. 3. They conclude that this portion of his access to the courts claim should be dismissed for non-exhaustion of administrative remedies.

> Section 1997e(a) of title 42 U.S.C. provides:
>
>> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001); see also Porter v. Nussle, 534 U.S. 516, 529-532 (2002). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending."

---

[3] Defendants do not dispute that the remaining prong of Plaintiff's access to the courts claim, stemming from the confiscation of his personal legal property, has been administratively exhausted.

Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

      Plaintiff concedes that he failed to pursue an administrative grievance regarding his claim that the one (1) box personal property limitation placed upon SMU prisoners by the DOC violated his right of access to the courts.  Lyons contends that dismissal for non-exhaustion is not appropriate because he was not permitted to file a grievance challenging that policy due to his placement in administrative custody.  Specifically, Plaintiff argues that his SMU placement restricted him to the procedures outlined in DC-ADM 802 and the SMU Inmate Handbook . See Dkt. Entry # 27, p. 14.  He concludes that since those provisions did not permit him to file a grievance concerning the personal property limitation, he should be excused from compliance with the exhaustion requirement.

      Defendants argue that Lyons "misreads the directives" and that he had administrative remedies available under DC-ADM 804. Dkt. Entry # 29, p. 7.  They indicate that Plaintiff was not precluded from seeking administrative relief under DC-ADM 804 because he was in administrative custody.  Defendants explain that an exception to DC-ADM 804 occurs only when DC-ADM 801 or 802 provides another procedure.  It is only challenges to initial or continued confinement in administrative custody that are  governed by DC-ADM 802.  SMU prisoners may still seek administrative relief under DC-ADM 804 concerning all other issues.  Hence, since Plaintiff's challenge to the one box policy was not among the types of claims contemplated by

DC-ADM 802 , he must still exhaust his administrative remedies under DC-ADM 804 regarding that issue before proceeding in federal court.  See generally,  Fortune v. Bittner, 285 Fed. Appx. 947, 951 (3d Cir. 2008).

Section V of DC-ADM 804 (effective January 3, 2005) states that "every individual committed to its custody shall have access to a formal procedure through which the resolution of problems or other issues of concern arising during the course of confinement may be sought."  It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal.  Section VI ("Procedures") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances.  An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within ten (10) working days to the Facility Manager A final written appeal may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals.  A prisoner, in seeking review through the DOC grievance system, may include  reasonable requests for compensation or other legal relief normally available from a court.  However, an improperly submitted grievance will not be reviewed.

It is clear that DC-ADM 802 governs only challenges to initial or continued confinement in administrative custody.  Thus, while housed in the SMU, Plaintiff was not precluded from

seeking administrative relief under DC-ADM 804 concerning his challenge to the one box limitation. Since Plaintiff acknowledges that his challenge to the one box limitation was not administratively exhausted and he had an available remedy under DC-ADM 804, dismissal for non-exhaustion is warranted.[4]

Access to the Courts

Inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). The United States Supreme Court in Lewis v. Casey, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

Lyons asserts that Defendants also violated his right of access to the courts by confiscating his personal legal materials. It is undisputed that this claim was administratively exhausted.

Accepting the veracity of the averments that, as a result of the alleged unconstitutional conduct, his appeal to the Pennsylvania Superior Court was dismissed on February 12, 2007 and he was unable to properly prosecute a federal habeas corpus petition, as this Court is

---

[4] The Court's conclusion is bolstered by the fact that while in the SMU during the same relevant time period Lyons did submit and exhaust an administrative grievance regarding his loss of personal property. Plaintiff offers no explanation as to why he could file a grievance regarding that issue, but was unable to do so regarding his challenge to the one box limitation.

required to do when addressing a motion to dismiss, it is apparent at this juncture that Lyons has satisfied his burden under Lewis.  Consequently, his denial of access to the courts claim based upon the confiscation/destruction of his personal legal materials shall proceed.

Denial of Grievances

In the final portion of his Complaint, Plaintiff attempts to establish liability against Secretary Beard, Chief Grievance Officer Burks, Superintendent Kelchner and Unit Manager Southers based upon their failure to take corrective action during review of Plaintiff's grievance and subsequent administrative appeal.  Defendants contend that the failure of those officials to provide Lyons with a favorable decision regarding his administrative grievance is not a denial of due process.  See Dkt. Entry # 21, p. 5.

Inmates do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")  Lyons' dissatisfaction with response to his grievances does not support a constitutional claim.  See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Thus, Lyons' claim that Defendants Beard, Burks, Kelchner and Southers violated his constitutional rights by denying his grievance will be dismissed.  An appropriate Order follows.[5]

                                                    s/ Thomas I. Vanaskie
                                                    Thomas I. Vanaskie
                                                    United States District Judge

---

[5] Defendants also contend and Plaintiff concurs that his claim under the Eighth Amendment should not proceed. See Dkt. Entry # 27, p. 17.  Hence, that claim will be deemed withdrawn.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC LYONS, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 3:CV-07-2278 |
| | : (JUDGE VANASKIE) |
| JEFFREY BEARD, ET AL., | : |
| Defendants | : |

ORDER

NOW, this 9th DAY OF MARCH, 2009, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss (Dkt. Entry # 12 ) is GRANTED IN PART.

2. Plaintiff's action is dismissed with exception of his claim that Defendant Huber's confiscation/destruction of Lyons' personal legal materials constituted a denial of access to the courts.

3. Discovery shall be concluded within ninety (90) days of the date of this Order.

4. Any dispositive motions shall be filed within thirty (30) days of the close of discovery.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge