IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC LYONS, :
:
    Plaintiff :
: CIVIL NO. 3:CV-07-2278
    v. :
: (JUDGE VANASKIE)
JEFFREY BEARD, et al., :
:
    Defendants :

## MEMORANDUM

### Background

Eric Lyons ("Plaintiff"), an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania ("SCI-Mahanoy"), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983.[1] By Memorandum and Order dated March 9, 2009, this Court dismissed Plaintiff 's claims, with the exception of his claim that Defendant Property Officer Andy Huber, an employee at Lyons' prior place of confinement, the State Correctional Institution, Camp Hill, Pennsylvania ("SCI-Camp Hill"), was responsible for confiscation/destruction of Lyons' personal legal materials and thereby violated his right of access to the courts. (Dkt. Entry # 34.) Presently pending is Plaintiff's motion to compel

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

production of documents.[2] The motion (Dkt. Entry # 44) has been briefed and is ripe for consideration.

Discussion

Plaintiff states that on April 3, 2009, he served Defendant Huber with a seven (7) part request for production of documents.[3] Id. at 1. Defendant Huber objected on privilege and undue burden grounds.

> Federal Rule of Civil Procedure 26 provides in relevant part:
>
>> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or tangible things and the identity and location of persons who know of any discoverable matter. ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Rule 26 establishes a liberal discovery policy. Great West Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994). Discovery is generally permitted of any items

---

[2] Plaintiff has also filed a motion for sanctions (Dkt. Entry # 72). Since this motion regards discovery requests propounded after this discovery dispute arose, it will be addressed separately.

[3] Request # 5 of the request for production of documents at issue herein sought receipts issued to Plaintiff by Huber. It is undisputed that those documents have been provided. Therefore, this request will not be addressed.

-2-

that are relevant or may lead to the discovery of relevant information. Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996); Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265-66 (E.D. Pa. 1992)(when there is no doubt about relevance a court should tend toward permitting discovery). Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. Callahan v. A.E.V., Inc., 947 F. Supp. 175, 177 (W.D. Pa. 1996); Momah v. Albert Einstein Medical Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." Stabilus, 144 F.R.D. at 265. The court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc., No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); see generally 8 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2007-2013 (2d ed. 1990).

The burden is on the objecting parties to demonstrate in specific terms why a discovery request is improper. Hicks, 168 F.R.D. at 529; Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982). The party objecting to discovery must show that the requested materials do not fall "within the broad scope of relevance . . . or else are of such marginal relevance that the

potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure . . . ." Burke v. New York City Police Dep't, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Furthermore, federal policy favors broad discovery in civil rights actions, which "should be resolved by a determination of the truth rather than a determination that the truth shall remain hidden." Inmates of Unit 14 v. Rebideau, 102 F.R.D. 122, 128 (N.D. N.Y. 1984).

Request # 1

Request # 1 of Plaintiff's seven (7) part request seeks production of any grievances, complaints and resulting memorandums and investigative reports filed against Defendant Huber "concerning the tampering with or destruction of SMU [Special Management Unit] inmates personal and legal property, or the interference with an inmate's access to the courts by Defendant Huber between January 1, 2005 to the present."[4] (Dkt. Entry # 47, Exhibit 1, ¶ 1.) Huber, relying on a supporting declaration from SCI-Camp Hill Superintendent's Assistant Robert Volciak, contends that in order to obtain the requested information, approximately 1,000 grievance files would have to be searched manually. (Dkt. Entry # 61, Exhibit 2, ¶ 17.) Volciak adds that the search would take a minimum of 40-50 hours. Defendant concludes that the marginal relevance of this discovery is outweighed by the burden of producing the relevant documents.

---

[4] Huber's response indicates that Plaintiff was provided with copies of all property/ access to the courts related grievances and appeals which Plaintiff filed against Huber.

Lyons counters the burdensome argument by asserting that the requested information is readily available via the Pennsylvania Department of Corrections' (DOC) computerized inmate grievance tracking system. However, Volciak states that based upon a search via the DOC's automated inmate grievance tracking system, forty-three (43) grievances were filed against Huber during the relevant time period. (Dkt. Entry 61-2, Exhibit 2 at ¶ 13.) According to Volciak, none of those grievances relate to property issues. Any grievance addressing SCI-Camp Hill's property policy would not be listed as a grievance against Huber, and Volciak indicates that 695 such grievances have been initiated at that prison since 2005. In addition, 92 inmate grievances regarding legal issues and 195 due process related matters were filed at SCI-Camp Hill during the relevant time period. Volciak indicates that in order to comply with Plaintiff's request a manual search of those 982 grievances would have to be undertaken. Based upon the detailed information provided by Volciak, this Court is satisfied that Defendant Huber has met his burden under Hicks and Goodman of showing that the information sought by Lyons' first request would require a significant undertaking of time and effort, imposing an undue burden.

Requests # 2, # 3, # 4, # 6, and # 7

Plaintiff's second Request seeks any and all policies, directives, and procedure manuals instructing staff on handling, processing or storing confiscated property or contraband from inmates. (Dkt. Entry # 47, Exhibit 1, ¶ 2.) Lyon's Request # 3 seeks all policies,

-5-

directives, and procedure manuals regarding the inventory of inmate property upon transfer and reception form one institution to another. Request # 4 seeks any and all policies, directives and procedure manuals concerning mandatory storage of confiscated inmate property pending final administrative review. Lyons' Request # 6 similarly seeks policies, directives and procedure manuals related to the requirements of legal exemptions for stored prisoner legal property, possession of photocopies, business materials and inventive drawings. In Request # 7, Plaintiff again seeks all policies, directives, and procedure manuals concerning incoming inmate publications and property allowances.

Defendant states that all of the above described materials are contained within DOC Policy Statements 6.3.1 (Facility Security) and 6.5.1 (Security Level 5 Housing Unit). Both policies have accompanying Procedures Manuals. Huber asserts that those documents are protected from discovery by governmental privilege. (Dkt. Entry # 61 at 5.) In addition, Huber contends that the issue of whether he failed to act in accordance with any DOC policy is irrelevant as to the question of whether there was a violation of Plaintiff's civil rights. Despite his objections, Huber notes that Plaintiff was provided with copies of DOC Policy Statements relating to searches of inmates and cells, inmate mail and incoming publications; inmate grievance system, personal property, state-issued items, and commissary outside purchases. (See Dkt. Entry # 61-2, Exhibit 1, ¶ 2.)

In a supporting declaration submitted under penalty of perjury, DOC Secretary Jeffrey

Beard describes the Procedures Manuals as containing "confidential details" concerning perimeter surveillance, inmate counts, movements, and confidential sources, key control, security equipment, storage and inventory as well as other institutional security matters. (Id. at Exhibit 3, ¶ 4.) According to Secretary Beard, inmates are not permitted to have copies or access to the Policy Statements and Procedures Manuals requested by Lyons because disclosure of their contents would compromise institutional security. (See id. at ¶ 10.)

Clearly, in order to ensure the secure operation of a state correctional facility, there are certain internal procedures which must be protected from disclosure to the public. See McDowell v. Litz, No. 1:CV-08-01453, 2009 WL 2058712, at *4 (M.D. Pa., July 10, 2009). Secretary Beard has submitted a declaration that the policies and manuals presently sought by Lyons contain information which could jeopardize internal security. Plaintiff counters that the information has relevance because it is Property Officer Huber's position that when he destroyed some of Plaintiff's legal property, he was acting in accordance with prison policy.

Based upon a review of the record, with the exception of the DOC's policy relating to the confiscation of excess personal legal property, Plaintiff has failed to establish that the requested materials at issue herein have more than marginal relevance. In light of the legitimate security concerns established by Secretary Beard's declaration, it is clear that the potential harm occasioned by discovery of the DOC's internal procedures would outweigh the ordinary presumption in favor of broad disclosure.

However, DOC's policy relating to the confiscation of excess personal legal property appears to be sufficiently relevant to the Plaintiff's claim as to warrant its disclosure. Accordingly, in light of the legitimate security concerns established by Secretary Beard's declaration and in order to ensure the fair administration of justice, the Court will accept Plaintiff's alternative proposal that it conduct an in camera inspection.[5]  Within twenty (20) days of the date of this Order, Defendant Huber shall submit for in camera inspection by the Court, any DOC written policies, directives, or manuals upon which he relied when confiscating any of Plaintiff's personal legal materials which are at issue in this matter.[6]  See Kerr v. United States, 426 U.S. 394, 405 (1976) (in camera review of documents insures balance between defendant's claim or irrelevance/privilege and plaintiff's asserted need for the documents). The Court will then determine whether the materials should be disclosed to Plaintiff.  An appropriate Order will enter.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

---

[5] See Dkt. Entry # 71 at 3.

[6]  However, the Court notes its agreement with Huber's observation that a failure to adhere to  state policy does not by itself establish a federal constitutional violation.  See Wilkins v. Rozum, Civil Action No. 06-203J, 2008 WL 3833418, at *13 (W.D. Pa., Aug. 14, 2008).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC LYONS, :
:
    Plaintiff :
: CIVIL NO. 3:CV-07-2278
  v. :
: (JUDGE VANASKIE)
JEFFREY BEARD, et al., :
:
    Defendants :

## ORDER

NOW, THEREFORE, THIS 8th DAY OF MARCH, 2010, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to compel discovery (Dkt. Entry # 46) is GRANTED IN PART.

2. Within twenty (20) days of the date of this Order, Defendant Huber shall submit for in camera inspection, any DOC written policies, directives or manuals upon which he relied when confiscating any of the Plaintiff's personal legal materials which are at issue in this matter.

                                              s/ Thomas I. Vanaskie
                                              Thomas I. Vanaskie
                                              United States District Judge