# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ERIC LYONS, | : | No. 3:07-CV-2278 |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | (Judge Conner) |
| JEFFREY BEARD, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This is a *pro se* civil rights case brought by a state prisoner, Eric Lyons. In his complaint, Lyons alleged that prison staff at SCI Camp Hill violated his constitutional rights by denying him access to the courts, and destroying litigation documents. (Doc. 1.)

Lyons is presently housed at a different state correctional institution, SCI Mahanoy. From SCI Mahanoy, Lyons has filed a motion, styled as a motion for a preliminary injunction/temporary restraining order, which invites the Court to mediate new requests for access to legal paperwork by the Plaintiff. Specifically, in this motion Lyons seeks a preliminary injunction directing prison officials to allow him to keep four boxes of legal materials in his cell. (Doc. 94, 95, and 96.)

In support of this request, Lyons alleges that while he has been housed at SCI Mahanoy, prison officials have exempted him from the institutional rule that generally limits inmates to storage of one box of written materials in their cells. (Id.) Instead, according to Lyons, he was permitted to keep four boxes of records in his cell.(Id.)

In December of 2009, while imprisoned at SCI Mahanoy, Lyons states that he engaged in a hunger strike, a gesture that caused him to be placed in the medical/psychiatric unit for observation without access to his legal materials. (Id.) When Lyons discontinued this hunger strike, and returned to his cell, he claims that he was only allowed to retain three boxes of legal material in his cell. (Id.) It is this alleged reduction in the stored legal materials permitted in his cell from four boxes to three which Lyons now cites as an act that causes him irreparable harm, and mandates extraordinary, preliminary injunctive relief, in the form of an order specifying the number of boxes of records that may be maintained in Lyons' cell. (Id.)

The Defendants have filed a response in opposition to this motion for preliminary injunction, which is accompanied by a declaration from Daniel Malick, a lieutenant in the Restricted Housing Unit at SCI Mahanoy, who has been overseeing Lyons' housing at that institution.(Doc. 101) In this response, the Defendants dispute Lyons' claim that he has been allowed to keep four boxes of written materials in his

cell, but acknowledge that they have attempted to reasonably accommodate Lyons' litigation needs. Specifically, the Defendants contend that the prison's practice at SCI Mahanoy has consistently been to allow Lyons to keep three boxes of written materials in his cell. Additional materials are stored separately, but according to the Defendants, Lyons has the opportunity to exchange materials on a monthly basis, or as-needed to meet litigation deadlines. (Id.) In light of these accommodations, the Defendants argue that a preliminary injunction is neither necessary, nor appropriate, here.

The motion has been fully briefed by the parties, (Docs. 94, 95, 96, 101,and 107) and is now ripe for resolution. For the reasons set forth below, we recommend that Lyons' motion be denied since Lyons has not made the exacting showing necessary for preliminary injunctive relief.

## II. Discussion

*Pro se* pleadings, like those filed by Lyons, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits;

(2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994) (*quoting SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985)). *See also Highmark, Inc. v. UPMC Health Plan, Inc.,* 276 F.3d 160, 170-71 (3d Cir.2001); *Emile v. SCI-Pittsburgh,* No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. *Kerschner v. Mazurkewicz,* 670 F.2d 440, 443 (3d Cir. 1982)(affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." *Emile*, 2006 WL 2773261, at * 6 (*quoting Campbell Soup Co. v. ConAgra, Inc.,* 977 F.2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972

> (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." *Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53,* 520 F.2d 1220, 1230 (6th Cir.1975), *cert. denied,* 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock,* 90 F.2d 924, 927 (3d Cir.1937).

*Emile*, 2006 WL 2773261, at *6.

Accordingly, for Lyons to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. *Abu-Jamal v. Price,* 154 F.3d 128, 133 (3d Cir. 1998); *Kershner,* 670 F.2d at 443. If the movant fails to carry his burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *Hohe v. Casey,* 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (*quoting Morton v. Beyer,* 822 F.2d 364 (3d Cir. 1987)).

Furthermore, in assessing a motion for preliminary injunction, the court must also consider the possible harm to other interested parties if the relief is granted. *Kershner,* 670 F.2d at 443. In addition, a request for injunctive relief in the prison

context must be viewed with great caution because of the intractable problems of prison administration. *Goff v. Harper,* 60 F.3d 518,520 (8th Cir. 1995). Finally, a party who seeks an injunction must show that the issuance of the injunctive relief would not be adverse to the public interest. *Emile*, 2006 WL 2773261, at * 6 (*citing Dominion Video Satellite, Inc. v. Echostar Corp.,* 269 F.3d 1149, 1154 (10th Cir.2001)).

In the past, inmates like Lyons have frequently sought preliminary injunctive relief compelling prison officials to take certain actions with respect to them during the pendency of a lawsuit. Yet, such, requests, while often made, are rarely embraced by the courts. Instead, courts have routinely held that prisoner-plaintiffs are not entitled to use a motion for preliminary injunction as a vehicle to compel prison officials to provide them with specific relief and services pending completion of their lawsuits. *See, e.g.*, *Messner v. Bunner*, No. 07-112E, 2009 WL 1406986 (W.D.Pa. May 19, 2009)(denying inmate preliminary injunction); *Brown v. Sobina*, No. 08-128E, 2008 WL 4500482 (W.D.Pa. Oct. 7, 2008)(denying inmate preliminary injunction); *Emile v. SCI-Pittsburgh,* No. 04-974, 2006 WL 2773261, *6 (W.D.Pa.. Sept. 24, 2006) (denying inmate preliminary injunction).

In this case our review of the Plaintiff's motion for preliminary injunction leads us to conclude that Lyons has not made the demanding showing required by Rule 65

for this extraordinary form of relief. At the outset, we find that Lyons has not met his threshold obligation of showing reasonable probability of success on the merits.

With respect to the issue of Lyons' ultimate likelihood of success on the merits of this case, we begin by observing that state inmates in Pennsylvania have in the past often invited federal courts to entertain preliminary injunctions directing their jailers to allow them greater access to legal materials. Yet, these requests, while frequently made, have rarely been embraced by the courts. *See, e.g., Kershner v. Mazurkiewicz, supra; Edmonds v. Sobina*, 296 F.App'x 214, 216 n. 3 (3d Cir. 2008); *Barnes v. Quattlebaum*, No. 08-2197, 2009 WL 678165 (D.S.C. March 12, 2009); *Clay v. Sobina*, No. 06-861, 2007 WL 950384 (W.D.Pa. March 26, 2007); *Wesley v. Vaughn*, No. 99-1228, 2001 WL 1391254 (E.D.Pa. Nov. 7, 2001). Instead, these courts have repeatedly upheld as reasonable prison policies concerning access to, and the storage of, legal materials that are even more restrictive than those at issue here,[1] finding that these policies do not unduly infringe upon inmates' rights to petition the courts. *Id*. Given this case law, which affirms more restrictive document storage policies than those employed here, as a threshold matter Lyons has failed to show a likelihood of

---

[1]See , for example, *Barnes v. Quattlebaum*, No. 08-2197, 2009 WL 678165 (D.S.C. March 12, 2009) and *Wesley v. Vaughn*, No. 99-1228, 2001 WL 1391254 (E.D.Pa. Nov. 7, 2001), both of which upheld a policy limiting an inmate to storage of one box of legal materials in his cell per month.

success on the merits. Therefore, his motion for preliminary injunction should be denied.

As for the second benchmark standard for a preliminary injunction, whether the movant will be irreparably injured by denial of the relief, in this context it is clear that:

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. *Hohe v. Casey,* 868 F.2d 69, 72 (3d Cir.), *cert. denied,* 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102 (1989). In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. *ECRI v. McGraw-Hill, Inc.,* 809 F.2d 223, 226 (3d Cir.1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." *Acierno v. New Castle County,* 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." *Dice v. Clinicorp, Inc.,* 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." *Acireno,* 40 F.3d at 655 (citation omitted).

*Messner,* 2009 WL 1406986, at *4 .

Applying these legal standards in a case such as this, where the inmate-"Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks

resolution of one of the ultimate issues presented in his . . . Complaint, . . . [the] Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of Defendants' motion to dismiss, or at trial. As a result, Plaintiff's motion for preliminary injunction should be denied." *Messner*, 2009 WL 1406986, at *5. In this case, as we view it, the gravamen of Lyons' claims on the merits are that he has been unjustifiably denied access to legal materials and the courts. Since these ultimate issues in this lawsuit are factually bound up with his assertion in this motion that his access to legal material is being unduly restricted, a ruling on this motion might be perceived as speaking in some way to the ultimate issue in this case. In such instances we are cautioned to refrain from prematurely granting such relief where the evidence is still unclear and developing. In any event, the accommodations being made here, which permit Lyons access to voluminous legal materials and storage of documents that is three times greater than that typically afforded to inmates, are wholly reasonable and designed to prevent any irreparable harm to the Plaintiff.

Finally, we note that granting this preliminary injunction, which would effectively have the federal courts making *ad hoc*, and individual, decisions concerning what items inmates may keep in their cells, could harm both the

Defendants' and the public's interest. In this prison context, the Defendants' interests and the public's interest in penological order could be adversely effected if the Defendants were unable to place appropriate limitations on what items Lyons may store in his cell at the Restricted Housing Unit of SCI Mahanoy.

Because Lyons has not carried his burden of proving either a reasonable probability of ultimate success on the merits, or immediate and irreparable harm, and because granting the injunction could adversely effect the Defendants' and the public's interests, this request for a preliminary injunction should be denied.

### **III**. **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of the motion for preliminary injunction/temporary restraining order, IT IS RECOMMENDED that the motion be DENIED. The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

So ordered this 16th day of June, 2010.

*S/MARTIN C. CARLSON*
Martin C. Carlson
United States Magistrate Judge