# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ERIC LYONS, | : | No. 3:07-CV-2278 |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | ( Judge Conner) |
| JEFFREY BEARD, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM ORDER

This is a *pro se* civil rights case brought by a state prisoner, Eric Lyons. In his complaint, Lyons alleged that prison staff at SCI Camp Hill violated his constitutional rights by denying him access to the courts, and destroying litigation documents. (Doc. 1.) In connection with discovery in this case, Lyons has filed a motion for sanctions which seeks, $1,500 from the Defendants as a penalty for allegedly failing to provide timely answers to interrogatories. (Doc. 72.) With respect to this motion for sanctions there appears to be little factual dispute.

On June 16, 2009, Lyons served a set of interrogatories on the Defendant. Two days later, on June 18, 2009, Lyons served a second discovery demand on the Defendants, a request for production of documents. These discovery requests were then the subject of a dialogue between the parties for the next two months. Thus, Lyons wrote to counsel for Defendant on August 14, 2009, inquiring into the status

of the responses to both requests. Nine days later, on August 23, 2009, Lyons wrote again to defense counsel regarding these discovery requests. (Doc. 73.) On August 27, 2009, defense counsel responded to Lyons' requests, stating that he expected to provide responses by August 31, 2009. (Id.) the parties then met on September 2, 2009, to conduct a document review of Lyons' documents, at which time the Plaintiff again inquired about Defendant's discovery responses, and was told that the responses would be made shortly.

Dissatisfied with the pace of these promised disclosures, on September 14, 2009, Plaintiff moved for sanctions. Four days later, on September 18, 2009, the Defendant served answers to Plaintiff's interrogatories and a response to his second document request. Thus, presently the discovery requests have been answered, albeit after some delay, by the Defendant.

Requests for sanctions in this setting are governed by Rule 37(d) of the Federal Rules of Civil Procedure which provides that a district court "may, on motion, order sanctions if. . . . (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed.R.Civ.P. 37(d)(1)(A). The rules also provide that for a motion filed under this section:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(I)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(d)(3).

Decisions on discovery matters generally rest in the sound discretion of the Court. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). With respect to sanctions motions under Rule 37(d), as the text of the rule implies, the court may deny a request for monetary sanctions where "circumstances make an award of [monetary sanctions] unjust." Applying this benchmark standard, courts have declined to impose sanctions in instances where a party's conduct consisted on nothing more than a brief delay in completing a discovery response which did not result in any tangible prejudice to the opposing party. See e.g., *See e.g. Rowe v. E.I. duPont de Nemours and Co.*, Nos. 06-1810, 06-3080, 2008 WL 4514092, *6 (D.N.J. Sept. 30, 2008) (where defendant's counsel had informed plaintiff's counsel that interrogatory was still being investigated on February 11, the same day that the motion for sanctions was filed, and a response was

subsequently provided on March 5, "the Court finds no basis to impose sanctions. . . ."); *Huertas v. City of Camden*, No. 06-4676, 2008 WL 48445241 (D.N.J. Nov. 6, 2008). Similarly, courts have declined to impose sanctions in instances where they have found that a delay in producing documents was simply the result of a mistake on the part of counsel. *Dow Chemical Canada Inc. v. HRD Corporation*, 295 F.R.D. 81, 88-9 (D.Del. 2009).

Furthermore, it is also clear that pro se litigants like Lyons typically may not request monetary attorney fee sanctions. Indeed, similar financial sanction requests by inmates have been rebuffed in the past by this Court which has aptly observed that: "it is well settled that *pro se* litigants are not permitted to recover attorney's fees. *See Kay v. Ehrler,* 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991)." *Brown v. James* No. 03-631, 2008 WL 598271, 2 (E.D.Pa. Feb. 29, 2008).

These principles are applicable here and compel the denial of Lyons' sanctions motion. The Court finds that this discovery dispute relates to nothing more than a brief delay in responding to discovery requests, which led to no tangible prejudice to the Plaintiff. That delay was discussed with the Plaintiff by defense counsel and the Plaintiff was assured prior to the filing of this motion that responses would be forthcoming. Furthermore, at most, the delay itself amounted to no more than a mistake by counsel, as to which sanctions are not appropriate. Moreover, the sanction

sought by Lyons– $1,500–is tantamount to attorney's fees which are not a proper form of relief for this *pro se* litigant.

Accordingly, for the foregoing reasons, the Plaintiff's motion for sanctions (Doc. 72) is DENIED.

So ordered this 16th day of June, 2010.

*S/MARTIN C. CARLSON*
Martin C. Carlson
United States Magistrate Judge