# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC LYONS**, | : | CIVIL ACTION NO. 3:07-CV-2278 |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **JEFFREY BEARD**, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 28th day of July, 2010, upon consideration of the report (Doc. 112) of the magistrate judge, recommending that plaintiff Eric Lyons's ("Lyons") motion for preliminary injunction (Doc. 94) be denied, and, following an independent review of the record, it appearing that a preliminary injunction "is an extraordinary and drastic remedy," see Mazurek v. Armstrong, 520 U.S. 968, 972 (1997), that four factors govern whether a preliminary injunction should be granted, see Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001), and that Lyons bears the burden of demonstrating irreparable injury, see Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989), and concluding that Lyons has not shown a reasonable probability of success on

the merits,[1] (see Doc. 112 at 6-8), and that Lyons has not shown that he will be irreparably harmed if denied relief, (see id. at 9), and it further appearing that neither party has filed objections to the magistrate judge's report, and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil

---

[1] As the magistrate judge explained, courts defer to reasonable prison policies concerning access to, and storage of, legal materials. See Barnes v. Quattlebaum, No. 08-2197, 2009 WL 678165 (D.S.C. Mar. 12, 2009) (upholding prison policy that limited inmates to one box of legal material per month in their cell); see also Wesley v. Vaughn, No. 99-1228, 2001 WL 1391254 (E.D.Pa. Nov. 7, 2001) (same). Officials at SCI Mahanoy, where Lyons is currently incarcerated, have attempted to accommodate Lyons by exempting him from the rule allowing only one box of legal material in an inmate's cell. (Doc. 101.) Instead, Lyons is permitted to maintain three boxes in his cell. This accommodation is clearly reasonable under the facts presented in the case thus far.

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit Court of Appeals expects district courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that when parties do not object to a report and recommendation, the court's review is conducted under the "plain error" standard, pursuant to which "the error must have been 'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings"); Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (holding that the district court is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review an unobjected-to report for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report and recommendation (Doc. 112) of the magistrate judge is ADOPTED.

2. The motion for preliminary injunction (Doc. 94) is DENIED.

3. The above-captioned case is REMANDED to the magistrate judge for further proceedings.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge